UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARK ADAMS,

              Plaintiff,             Case No. 17-cv-10708

v.                                             Honorable Thomas L. Ludington
                                             Magistrate Judge Patricia T. Morris

JEFF ROBERTS, et al,

              Defendants.
_____/

**ORDER OVERRULING OBJECTIONS,
ADOPTING REPORT AND RECOMMENDATION,
AND DISMISSING CLAIMS PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)**

On March 6, 2017, Plaintiff Mark Adams, proceeding *pro se*, initiated the above captioned action by filing his complaint against twelve named defendants, including various officials of Bridgeport Township, members of the Bridgeport Township police force, local attorneys, Michigan district court judges, and Saginaw County Sheriff William Federspiel. *See* ECF No. 1. Adams then filed a first amended complaint on March 23, 2017. *See* ECF No. 7. The matter was referred to Magistrate Judge Patricia T. Morris for pretrial management. *See* ECF No. 4. On May 25, 2017 the magistrate judge issued a report pursuant to the IFP screening procedure set forth at 28 U.S.C. § 1915(e)(2)(B), recommending that the majority of Adam's claims be dismissed. *See* ECF No. 9. Adams filed objections to that report on June 12, 2017. *See* ECF No. 11. For the reasons stated below, Adams's objections will be overruled and the report and recommendation will be adopted.

**I.**

Plaintiff Adams' claims stem from a long-running dispute with officials of Bridgeport, Michigan regarding zoning and property rights. Beginning in 2011, he alleges that township

officials ordered the mowing of his field and charged him $200 in fines for the mowing, and ordered him to remove a Winnebago Recreational Vehicle off of his property. He further alleges that on June 21, 2012, Saginaw District Judge Randall Jurrens ruled against him in related litigation at the behest of Attorney Floyd Kloc and township officials. While asserting that he has complied with all relevant court orders and removed the Winnebago from the property, Adams claims that Attorney Kloc has continued to pursue enforcement actions against him for allegedly violating township codes.

Adams sought to address his grievances with township officials at a March 4, 2014 township meeting.  However, after violating various policies and restrictions concerning public comments, he was arrested by Police Chief David Duffett and Patrol Sergeant John Roberts. Adams alleges that he was subsequently placed in an overcrowded jail cell at the Saginaw County Jail where he received insufficient accommodations and feared for his life.  As a result, Adams alleges that he has experienced emotional distress and public humiliation.  Adams further alleges that Saginaw County Sheriff William Federspiel, Attorney General William Schuette, and the Federal Bureau of Investigations have refused to properly investigate his complaints.

Adams was again arrested on March 22, 2015 by Sergeant Roberts pursuant to arrest warrants obtained under "dubious circumstances" for failure to comply with township codes and initiatives.  Adams alleges that he was denied his blood pressure medication and prevented from making phone calls for the three days he was subsequently detained. While he was scheduled to be arraigned on March 24, 2015 before Judge Kyle Higgs Tarrant, Adams alleges that the hearing was abruptly terminated and that he was assaulted and injured by the Saginaw County Sheriff's deputies who removed him from the courtroom and returned him to solitary confinement. Adams claims he was ultimately forced to pay $6,000 to avoid additional jail time.

He claims that he subsequently sought treatment at the Genesys Hospital on March 26, 2015 for injuries sustained during his time in custody. He also claims Bridgeport Township continues to prevent him from fully enjoying his property.

In his first amended complaint, Adams asserts seven counts pursuant to 42 U.S.C. § 1983 arising out of these events: (1) Violation of his First Amendment Right to exercise free speech and petition for redress of grievances; (2) Violation of his Fourth Amendment right to be free from unreasonable seizures, arrests, and prosecutions without probable cause; (3) False arrest and false imprisonment; (4) Excessive force in violation of the Fourth Amendment (5) Violation of his Fifth Amendment right to be free from public takings without just compensation; (6) Violation of his Eight Amendment rights to be free from excessive fines and cruel and unusual punishment; and (7) Violation of due process and equal protection under the Fourteenth Amendment. Adams also asserts one count of assault and battery, one count of common law malicious prosecution, and one count of intentional infliction of emotional distress. Finally, Adams asserts a claim of municipal liability against Bridgeport Township and Saginaw County pursuant to the Supreme Court's decision in *Monell v. Department of Social Services of New York,* 436 U.S. 658 (1978).

In her May 25, 2017 report and recommendation, the magistrate judge recommends that all of Adams' claims be dismissed, with the exception of his Fourth Amendment excessive force claim and his assault and battery claim. As a result, she recommends the dismissal of all defendants except for Chief of Police Duffett and Sergeant Roberts in their individual and official capacities.

**II.**

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. See Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F.Supp.2d 934, 937 (E.D. Mich. 2004). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Adams has not raised any specific objections to the magistrate judge's report. Instead, he broadly objects to the report's conclusions, generally asserts that the magistrate judge has relied on "dubious" and "recent" legal authority, and notes that he intends to file a second amended

complaint.[1] Because Adam's objections are not specific and are without merit they will be overruled. The report and recommendation will be adopted.

### III.

Accordingly, it is **ORDERED** that Plaintiff Adams's objections, ECF No. 11, are **OVERRULED**.

It is further **ORDERED** that the report and recommendation, ECF No. 9, is **ADOPTED**.

It is further **ORDERED** that Counts 1-3, 5-7, 9, 10, and all related municipal liability claims asserted in Count 11 are **DISMISSED**. Adam's surviving claims include **Count 4** and **Count 8** as to **Defendants Duffet and Roberts in their individual and official capacities.**

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: July 26, 2017

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 26, 2017.

s/Kelly Winslow
KELLY WINSLOW, Case Manager

---

[1] Adams' objections also informally request a 21 day extension to file additional objections to the magistrate judge's report. This request will be disregarded, as this Court's practice guidelines clearly state that "[m]otions may not be included within or appended to a response or reply, and under no circumstances may a motion be included within the text or footnotes of another motion." Moreover, over 21 days have passed since Adams filed his initial objections and he has not attempted to file any additional documents related to the report and recommendation.