UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARK ADAMS,

   *Plaintiff*,                          CASE NO. 17-10708

v.                                DISTRICT JUDGE THOMAS L. LUDINGTON
                                MAGISTRATE JUDGE PATRICIA T. MORRIS

DAVE DUFFETT,
and JEFF ROBERTS,

   *Defendants*.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION PURSUANT TO RULE 41(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE

### I. RECOMMENDATION

**IT IS RECOMMENDED** that the case be *sua sponte* **DISMISSED** for want of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

### II. REPORT

#### A. Background

This case was referred to the undersigned for all pretrial matters on March 20, 2017. (Doc. 4.) Plaintiff filed this action on March 6, 2017. (Doc. 1.) A Report and Recommendation (R&R) was previously filed and adopted, narrowing the case to claims against the above Defendants. (Doc. 9, 12.) In the meantime, Plaintiff was given e-filer status and filed objections to the R&R. (Doc. 11.) Therefore, Plaintiff is aware of how to file documents and respond to recommendations and orders of the Court. On August 1, 2017, summonses for the remaining Defendants were issued and provided to Plaintiff for service. There is no indication that

1

Plaintiff attempted to serve or actually served any of the Defendants. On November 8, 2017, this Court issued a *sua sponte* order to show cause why Plaintiff's case should not be dismissed for want of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (Doc. 16.) Plaintiff did not respond to the show cause order.

**B.     Discussion**

Rule 41(b) of the Federal Rules of Civil Procedure grants federal courts the authority to dismiss a case if "the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. American Telephone & Telegraph Co.,* 176 F.3d 359, 363 (6th Cir. 1999) (quoting *Matter of Sanction of Baker*, 744 F.2d 1438, 1441 (10th Cir. 1984)). "Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also *sua sponte* dismiss an action whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)). When deciding whether to dismiss a case for want of prosecution, courts are guided by competing concerns:

> On the one hand, there is the court's need to manage its docket, the public's interest in expeditious resolution of litigation, and the risk of prejudice to a defendant because the plaintiff has failed to actively pursue its claims. . . . On the other hand is the policy which favors disposition of cases on their merits.

*Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993) (citation omitted).

In this case, Plaintiff has failed to actively pursue the litigation initiated against the Defendants and failed to respond to a court order. I therefore find that the Court's need to manage its docket, the public's interest in the timely resolution of litigation, and the risk of

prejudice from Plaintiff's failure to actively pursue his claims outweighs the policy favoring a disposition of the cases on its merits, and thus recommend that the case be *sua sponte* dismissed as against all Defendants for failure to prosecute.

## III.     REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Date: November 27, 2017                                                         S/ PATRICIA T. MORRIS
                                                                                                    Patricia T. Morris
                                                                                                    United States Magistrate Judge

# **CERTIFICATION**

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record and Plaintiff who is an e-filer.

Date: November 27, 2017                             By s/Kristen Castaneda
                                                    Case Manager